**In re Johanson Lee WATSON, Relator.**

**No. 07–08–0106–CV.**

Court of Appeals of Texas, Amarillo.

March 28, 2008.

Rehearing Overruled April 24, 2008.

Johanson Lee Watson, Palestine, TX, pro se Relator.

Dan Mike Bird, Vernon, TX, for Respondent.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

PER CURIAM.

Johanson Lee Watson, an indigent inmate, seeks a writ of mandamus to compel the trial court to rule on his application for writ of habeas corpus. Through the purported application for habeas corpus, he attempts to nullify his prior felony conviction. For the reason expressed below, we dismiss for want of jurisdiction.

The Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases. *See id.; Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim.App.1995); *In re Briscoe,* 230 S.W.3d 196, 196 (Tex.App.-Houston [14th Dist.] 2006) (original proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases). So, to complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See In re Briscoe,* 230 S.W.3d at 196.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.